IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**INEZ CLARK**                                                                    **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO.:**   3:18-cv-445-HTW-LRA

**ASSISTING ANGELS, LLC**
**WADE LOGAN, INDIVIDUALLY**
**LINDA LOGAN, INDIVIDUALLY**                                           **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Inez Clark, by and through counsel, Watson & Norris, PLLC, and files this her Complaint to recover damages for violations of her rights under the Fair Labor Standards Act against the Defendants, Assisting Angels, LLC, Wade Logan, Individually and Linda Logan, Individually. In support of this cause, the Plaintiff would show unto the Court the following facts, to-wit:

**PARTIES**

1. Plaintiff, Inez Clark, is an adult female resident of Hinds County, Mississippi.

2. Defendant, Assisting Angels, LLC, is Plaintiff's former employer and is a Mississippi corporation. Defendant may be served with process through its registered agent: Linda Logan, 586 Arbor Drive, Madison, Mississippi 39110.

3. Defendant, Wade Logan, may be served with process at 586 Arbor Drive, Madison, Mississippi 39110.

4. Defendant, Linda Logan, may be served with process at 586 Arbor Drive, Madison, Mississippi 39110.

## JURISDICTION AND VENUE

5. This court has federal question jurisdiction by virtue of the fact that jurisdiction of this civil action is conferred by Section 16 (b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 (b) and venue is proper in this Court.

## STATEMENT OF THE FACTS

6. Plaintiff is an adult resident of Hinds County, Mississippi.

7. Plaintiff was hired by the Defendants as an "independent contractor" on January 3, 2016.

8. Plaintiff was required to sign a non-compete agreement within her contract with the Defendants.

9. The contract allowed the Defendants to control Plaintiff's employment through setting her schedule, verifying her timecards, and requiring a certain appearance.

10. Plaintiff's job was not limited to a specific time frame or project.

11. The contract also included a non-compete that prohibited Plaintiff from "providing any service what so ever for personal gain now or in the future for a past or present client of Assisting Angels, LLC."

12. The language of the contract clearly demonstrates that Plaintiff was intentionally misclassified as an independent contractor instead of an employee entitling her to overtime pay.

13. Plaintiff's was paid at a rate of $9.00 per hour.

14. Plaintiff worked 12 hours a day 6 days a week.

15. Plaintiff would turn her timecard in for Assisting Angels to provide her a paycheck.

16. Plaintiff was never paid overtime for hours worked in excess of 40 each work week.

17. Plaintiff estimates around 30 employees work for the Defendants, three of those include Plaintiff's two daughters and one son.

18. On April 17, 2018, Plaintiff chose to resign from her position with the Defendants.

19. Defendants have refused to compensate Plaintiff for hours worked for Defendants on April 15, 16, 17, 2018.

20. After resigning, Plaintiff received a cease and desist letter from the Defendants' attorney prompting her to seek representation.

21. As such, Defendants' actions constitute a willful and direct violation of the Fair Labor Standards Act.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. Plaintiff is a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

24. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

25. The Plaintiff has not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay. In addition, Defendants have intentionally refused to compensate Plaintiff for the last three days she worked for Defendants.

26. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Damages resulting from Defendants' actions including: unpaid minimum wages, unpaid overtime wages, unpaid bonuses, unpaid pay increases, unpaid vacation pay, unpaid back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;

2. Reinstatement;

3. Compensatory damages against Defendants in an amount to be determined by the jury;

4. Liquidated damages against Defendants;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to the Fair Labor Standards Act; and

6. Such further relief as is deemed just and proper.

THIS, the 9th day of July 2018.

Respectfully submitted,

BY: *Louis H. Watson Jr.*
LOUIS H. WATSON, JR. (MSB# 9053)
NICK NORRIS (MSB# 101574)
Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com