IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**INEZ CLARK**                                                                                              **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO.: 3:18-cv-445-HTW-LRA**

**ASSISTING ANGELS, LLC**
**WADE LOGAN, INDIVIDUALLY**
**LINDA LOGAN, INDIVIDUALLY**                                                    **DEFENDANTS**

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

COMES NOW, Inez Clark ("Plaintiff" or "Counter-Defendant") by and through counsel, pursuant to Rule 12(b)6 and Rule 12(b)1 of the Federal Rules of Civil Procedure and the Uniform Local Rules of the United States District Court, and files its Motion to Dismiss the Counterclaims of Defendants. In support thereof, Plaintiff states as follows:

1. Plaintiff is a former employee of Defendants and brings the original action pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff filed her complaint for damages in this Court on July 9, 2018. [Doc 1]. On October 25, 2018, Defendants filed an Answer to Plaintiff's Complaint. [Doc. 3]. Additionally, Defendants filed a counterclaim against Plaintiff alleging breach of contract by breaching a non-compete clause.

2. Pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure, Counter-Plaintiffs have failed to "state a claim upon which relief can be granted.". Counter-Plaintiffs must have plead enough factual allegations to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, plaintiffs have an "obligation to provide 'grounds' of his 'entitlement to relief'." *Id*. Here, Counter-Plaintiffs are not entitled to relief in this forum, as there are no grounds for the relief.

3. Alternatively, pursuant to Rule 12(b)1 of the Federal Rules of Civil Procedure Defendants' claims lack subject matter jurisdiction. When analyzing a motion to dismiss under this rule, the court may look at either "(1) the complaint alone; (2) the complaint supplemented by undisputed by facts in the record; or (3) the compliant supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County, Texas*, 789 F.2d 736, 741 (5th Cir. 1986). Furthermore, when questions of subject matter jurisdiction are contingent on questions of merit, the court should dismiss the claims for lack of subject matter jurisdiction when the claim "is frivolous or *clearly excluded by prior law*." *Id*. at 739 (emphasis added).

4. The Fifth Circuit has previously disallowed counterclaims by a defendant in a Fair Labor Standards Act action stating set-offs are "inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *rev'd on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Furthermore, counter claims in an FLSA proceeding are inappropriate as allowing an employer "to try his private claims, real or imagined, against his

employees would delay and even subvert the whole process." *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). Counter-Plaintiffs assert a myriad of claims against Counter-Defendant, all of which asks for set-offs of the back pay which they owe. Therefore, pursuant to Rule 12(b)6, Rule 12(b)(1), and the direction of the Fifth Circuit, Defendants' counterclaims should be dismissed as they act to undermine the procedure and purpose of the original FLSA action.

3. Based on the foregoing and set forth more specifically in Plaintiff's Memorandum of Authorities being submitted in connection herewith, the Defendants' Counterclaim is legally insufficient as it fails to make a claim upon which relief may be granted and is clearly excluded by prior law. Accordingly, dismissal of Defendants Counterclaims is warranted.

**WHEREFORE**, Plaintiff respectfully requests that this Court dismiss Defendants' Counterclaims without prejudice.

THIS the 8th day of November 2018

                Respectfully submitted,

                /s/ Nick Norris
                Nick Norris, MSB No. 101574
                Attorney for Plaintiff

Of Counsel:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com

-4-

**CERTIFICATE OF SERVICE**

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

THIS, the 8th day of November 2018.

/s/ Nick Norris
Nick Norris